UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PRICE, | Case No. 1:18-cv-01146-EPG (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR THIRD PARTY SUBPOENA DIRECTED TO THE CDCR OR OTHER ENTITY |
| v. | |
| D. DIAZ, | (ECF NO. 15) |
| Defendant. | |

Michael Price ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 17, 2018, the summons was returned unexecuted. (ECF No. 12). On October 31, 2018, Plaintiff filed a motion requesting the issuance of a third party subpoena to the California Department of Corrections or Rehabilitation (or other entity) for documents or electronically stored information containing defendant Dennis Diaz's service address. (ECF No. 15).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of

1

documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, Plaintiff is seeking electronically stored information and documents that contain defendant Dennis Diaz's service address from the entity that appears to be defendant Diaz's former employer (the California Department of Corrections and Rehabilitation). This information is relevant (the summons was returned unexecuted, and no forwarding information was provided (ECF No. 12)), and the burden and expense of producing electrically stored information or documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request and will send him a subpoena duces tecum to complete and return. The Court notes that it may limit the scope of Plaintiff's request.

While the Court is granting the issuance of a subpoena on the California Department of Corrections and Rehabilitation ("CDCR"), the Court notes that there are several issues with Plaintiff's motion. First, Plaintiff attached a subpoena to the motion, which the Court will not issue. Plaintiff must complete and return the appropriate forms, which the Court will send him.

Second, in Plaintiff's subpoena he states that both the CDCR and the Nashville Tennessee Corrections Corporation of America ("NTCCA") are defendants in this case. However, this is not accurate. Plaintiff only listed Dennis Diaz as a defendant in this case (ECF No. 1, p. 2), and this case is only proceeding against Dennis Diaz (ECF No. 6, p. 5).

Finally, the Court will not authorize the issuance of a subpoena to either the NTCCA or

Dennis Diaz. The Court cannot order that a subpoena be served on Dennis Diaz for documents or electronic information containing his service address because neither Plaintiff nor the Court has Dennis Diaz's service address. As to the NTCCA, the Court will not authorize the issuance of a subpoena because Plaintiff has submitted no evidence suggesting that the *Nashville Tennessee Corrections Corporation of America* (emphasis added) has any documents or electronically stored information containing Dennis Diaz's service address. Plaintiff does state that the institution he is housed at is owned by "Care Civic of America," but Plaintiff has submitted no evidence of this. Additionally, Plaintiff has not explained how Care Civic of America is related to the Nashville Tennessee Corrections Corporation of America.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena is GRANTED in part. Plaintiff may subpoena the CDCR for electronically stored information and documents that contain Dennis Diaz's service address;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **November 1, 2018**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE