UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL PRICE,

       Plaintiff,

   v.

D. DIAZ,

       Defendant.

Case No. 1:18-cv-01146-DAD-EPG (PC)

ORDER FOLLOWING INITIAL
SCHEDULING CONFERENCE

Michael Price ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 13, 2019, the Court held an Initial Scheduling Conference ("Conference").  Plaintiff telephonically appeared on his own behalf.  Counsel David Goodwin and Jon Allin telephonically appeared on behalf of Defendant.

During the Conference, and with the benefit of the scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations.  In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this

*///*

*///*

*///*

action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

1. Plaintiff has thirty days from the date of service of this order to serve Defendant with a supplement to his initial disclosures, as previously ordered. (ECF No. 22). In particular, as discussed at the hearing, Plaintiff shall provide Defendant with the name of any individual with relevant information, to comply with the Court's prior order that Plaintiff provide "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2).

2. Defendant shall work with Plaintiff's institution of confinement to make the video recording(s) of the incident at issue in this case available to Plaintiff within forty-five days of the date of service of this order.

---

[1] See, e.g., United States v. W.R. Grace, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Ibid.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). See also Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." In re Arizona, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a Martinez report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). See also Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

3. Defendant has forty-five days from the date of service of this order to produce to the Court[4] for *in camera* review the documents generated from the investigation stemming from the grievance that Plaintiff filed related to the incident alleged in the complaint.[5] Defendant shall also file and serve a privilege log, and may file and serve briefing regarding why the documents qualify for protection under the official information privilege. If Defendant files a brief, Plaintiff has twenty-one days from the date of service of the brief to file a response. If there is confidential information that Defendant wants the Court to consider in relation to the *in camera* review, Defendant may submit that information to the Court *in camera*.

4. Each party shall serve the opposing party with the medical records in their possession related to the injuries stemming from the incident alleged in the complaint. If either party obtains additional relevant medical records, that party shall serve the opposing party with those records.

\\\

\\\

---

[4] Defendant may mail the documents to the Court or email the documents to epgorders@caed.uscourts.gov.

[5] *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

Additionally, according to Ninth Circuit case law, the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) (quoting *Kerr*, 426 U.S. at 406) ("Also, as required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) (internal citations omitted) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.").

Parties do not need to produce medical records they have already provided, or medical records provided to them by the opposing party.

IT IS SO ORDERED.

Dated: __**May 14, 2019**__ 

/s/ _Erica P. Grosjean_
_____
UNITED STATES MAGISTRATE JUDGE