# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>D. DIAZ,<br><br>    Defendant. | Case No. 1:18-cv-01146-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE PRISONERS<br><br>(ECF NO. 41) |

Michael Price ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 24, 2019, Plaintiff filed a motion for leave to depose prisoners. (ECF No. 41). Plaintiff files this request because Federal Rule of Civil Procedure 30(a)(2)(B) requires court approval to depose a person confined in prison.

Plaintiff requests permission to depose Robert Blanson, Reg. No. AH9977, who is confined at California City Correctional Facility, Timothy Austin, who is confined at California City Correctional Facility, and Leron Ingram, who has been released. Plaintiff wants to depose these individuals because they witnessed the events at issue in this case. Plaintiff also asks that he be allowed to take these witnesses' depositions telephonically.[1]

---

[1] Plaintiff also asks the Court to order California City Correction Facility to provide him with the address for

Plaintiff does not need the Court's approval under Federal Rule of Civil Procedure 30(a)(2)(B) to depose Leron Ingram, because Leron Ingram is not confined in prison. Accordingly, Plaintiff's request will be denied as to Leron Ingram.

As to inmates Timothy Austin and Robert Blanson, the Court will grant Plaintiff's request. The Court will also grant Plaintiff's request to take all three depositions by telephone. Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means.").

However, Plaintiff must still comply with Federal Rule of Civil Procedure 30, including providing notice of the depositions, and hiring and paying for court reporters. The Court does not provide funding for court reporters or any other deposition costs.

As to the notice requirement, Plaintiff may provide notice to Timothy Austin and Robert Blanson by serving the notice of deposition and a copy of this order on the litigation coordinator at their institution of confinement. If the institution has an objection, it may file an appropriate motion with this Court.

Finally, any deposition must be done in a safe and secure manner in coordination with the inmates' institutions of confinement.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to depose prisoners is granted in part.
2. Plaintiff has leave to depose inmates Robert Blanson and Timothy Austin.
3. Plaintiff has leave to depose Robert Blanson, Timothy Austin, and Leron Ingram telephonically.
4. If Plaintiff chooses to depose inmates Robert Blanson and/or Timothy Austin, he shall serve the notice of deposition, along with a copy of this order, on the litigation coordinator at their institution of confinement. If the institution has any safety and/or security concerns regarding the deposition, it may file an appropriate

---

Leron Ingram. Plaintiff should first attempt to get Leron Ingram's address by serving a discovery request on Defendant. If Plaintiff is unable to get the address from Defendant, and if Plaintiff believes that California City Correction Facility has a document containing Leron Ingram's current address, Plaintiff should file a motion for a third party subpoena directed at California City Correction Facility, along with a copy of Defendant's response to his discovery request.

motion with this Court.[2]

IT IS SO ORDERED.

Dated: **June 25, 2019**    /s/ *Eric P. Grosj*
UNITED STATES MAGISTRATE JUDGE

---

1. Nothing in this order authorizes court payment for court reporter fees, or any costs associated with the depositions, which must be borne by Plaintiff.

3