UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL PRICE,

           Plaintiff,

    v.

D. DIAZ,

           Defendant.

Case No. 1:18-cv-01146-DAD-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR TERMINATING SANCTIONS BE GRANTED IN PART AND DENIED IN PART AND THAT PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT BE DENIED

(ECF Nos. 56 & 57)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS

Michael Price ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Now before the Court is Defendant's motion for terminating sanctions or, in the alternative, to compel and award monetary sanctions of $884.81, based on Plaintiff's refusal to participate in a properly noticed deposition.  (ECF No. 56).  Also before the Court is Plaintiff's motion for a declaratory judgment, which is based on the allegation that defense counsel acted inappropriately.  (ECF No. 57).

For the reasons that follow, the Court will recommend that Defendant's motion be granted in part and denied in part.  The Court will not recommend terminating sanctions at this time.  However, the Court will recommend a monetary sanction in the amount of $224.81, which reflects defense counsel's costs, but not its fees, associated with the deposition.  The Court recommends requiring Plaintiff to pay this reduced amount in thirty days and also attend

a deposition at a future date.  If Plaintiff does not pay this sanction, fails to participate in the deposition, or disobeys a court order in the future, Defendant may renew its motion for terminating sanctions.

The Court will also recommend that Plaintiff's motion for declaratory judgment be denied.

## I.      PENDING MOTIONS

### a.   <u>Defendant's Motion for Terminating Sanctions, or in the Alternative, to Compel</u>

Defendant asks the Court to dismiss this action as a sanction for Plaintiff's failure to comply with a court order and his refusal to be deposed.  (ECF No. 56-1, p. 2).

"On October 23, 2019, Price was served with a notice of deposition.  Defense counsel travelled overnight and attempted to conduct Price's deposition in person at Federal Correctional Institution Herlong on November 13, 2019.  At the deposition, Price refused to answer questions or otherwise be deposed.  Defense counsel warned Price of the consequences of refusing to cooperate in a deposition and then proceeded with standard admonitions.  Price then stood up and walked away.  Because Price unilaterally left, and because there was no phone at that location within the prison, defense counsel was not able to attempt to contact the Court from the deposition."  (<u>Id.</u> at 2-3) (citations omitted).

"Price stated essentially four reasons for his refusal to be deposed.  First, he stated that defense counsel did not have leave to conduct the deposition.  This is plainly incorrect in light of the discovery and scheduling order.  Second, he stated that no court officer was present.  This is incorrect because a court reporter was present and administered the oath before beginning the deposition, and this was explained to Price.  Third, he stated that he had already been deposed.  However, Price is referring to a staff interview at the prison shortly after the incident in this lawsuit with a deposition conducted by an attorney.  Fourth, Price stated that he was 'uncomfortable' answering questions without an attorney present.  But Price brought this civil action pro se.  He is not entitled to have an attorney present as a matter of right, and no

attorney has entered an appearance for him.  Sanctioning Price is therefore appropriate because of his willful defiance of this Court's discovery order and in spite of warnings from both the Court and defense counsel of the possible consequences."  (<u>Id.</u> at 3).

"If the Court does not dismiss this action, then at a minimum, it should enter an order compelling Price to submit to another deposition, and sanction him $884.81 for necessitating this motion.  The sanction includes time spent drafting this motion and defense counsel's travel costs associated with the unsuccessful deposition."  (<u>Id.</u> at 5).

        b.  <u>Plaintiff's Motion for Declaratory Judgment</u>

While Plaintiff did not file an opposition to Defendant's motion, he did file a motion for declaratory judgment.

Plaintiff states that, after a careful reading of the Federal Rules of Civil Procedure, "it became clear" that Plaintiff had previously been deposed in this matter.  (ECF No. p. 2).  Given this, and the fact that Plaintiff was incarcerated, having the Deputy Attorney General depose Plaintiff was in "direct contradiction" of the Federal Rules of Civil Procedure.  (<u>Id.</u>). Accordingly, Plaintiff sent a letter to the Deputy Attorney General, informing him that he had already been deposed and asking him not to come to the institution to depose Plaintiff.  (<u>Id.</u>). "Plaintiff did forward the correspondence in plenty of time in order for the Deputy Attorney to have received the correspondence and adhere to Plaintiff's request."  (<u>Id.</u>).

However, on November 13, 2019, Plaintiff was called to the visiting room.  (<u>Id.</u>).  Once inside the visiting room, Plaintiff realized that the Deputy Attorney General ignored his request.  (<u>Id.</u>).  Plaintiff explained that he was without counsel, and that it would be inappropriate to proceed without counsel on his behalf.  (<u>Id.</u>).  Additionally, the Deputy Attorney General did not have leave of the Court.  (<u>Id.</u> at 3).  Moreover, no officer appointed by the Court was present, which is required by Federal Rule of Civil Procedure 30(b)(5)(A).  (<u>Id.</u>).

Plaintiff alleges that the Deputy Attorney General used his position and authority to attempt to intimidate and bully Plaintiff.  (<u>Id.</u>).  Additionally, he "is/was in violations of the 'norms' of the Federal Rules of Civil Procedure, and that he did attempt to violate Plaintiff's

Civil Rights, as well as his rights to due process." (Id. at 4).  Accordingly, Plaintiff asks for

declaratory judgment and summary dismissal of187 "the Government'[]s" counterclaim.[1]  (Id.).

## II.     LEGAL STANDARDS

The Ninth Circuit has provided the following guidance in evaluating whether

terminating sanctions are appropriate:

> A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe…. Only "willfulness, bad faith, and fault" justify terminating sanctions.

> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.  This "test" is not mechanical.  It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

>> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th

Cir. 2007) (footnotes omitted).

## III.    ANALYSIS

Defendant is correct that Plaintiff did not set forth any legitimate reason for his refusal

to be deposed.

Plaintiff does not have a constitutional right to counsel in this action, Rand v. Rowland,

113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th

Cir. 1998), and is proceeding without counsel.  Accordingly, the fact that Plaintiff did not have

---

[1] There are no counterclaims proceeding in this case.

counsel present at the deposition is not a legitimate reason to refuse to participate in the deposition.

As to Plaintiff's argument that Defendant did not have leave of the Court to conduct the deposition, Plaintiff is incorrect.  In the Court's scheduling order, the Court clearly allowed Defendant to depose Plaintiff.  (ECF No. 35, p. 3) ("Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.").

As to Plaintiff's argument that no court officer was present, this too is incorrect. Defendant has asserted (and Plaintiff has not controverted) that a court reporter was present and administered the oath before beginning the deposition.  A court reporter qualifies as an officer appointed or designated under the Federal Rules of Civil Procedure to conduct a deposition. See Fed. R. Civ. P. 28; Fed. R. Civ. P. 30.

As to Plaintiff's argument that he had already been deposed, Plaintiff has submitted no evidence that he has already been deposed in this case, and according to Defendant, he has not (ECF No. 56-1, p. 3).[2]

Thus, Defendant is correct that Plaintiff improperly failed to participate in a deposition. Moreover, Plaintiff's conduct has delayed the resolution of this case and caused Defendant to spend additional resources on this case.  Accordingly, Defendant is correct that Plaintiff should be sanctioned.

The Court next considers whether the sanction of dismissal is warranted based on the legal standards set forth above.

 "'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California

---

[2] It appears that Plaintiff may believe that a staff interview at his institution qualifies as a deposition. However, a staff interview is not a deposition in this case.

Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639.  Plaintiff has delayed the resolution of this case, but Plaintiff has not substantially impeded the Court's ability to manage its docket.  Thus, this factor only weighs slightly in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to participate in a properly noticed deposition that is causing delay.  But, there is no indication that the delay actually prejudiced Defendant in this case.  While not being able to take Plaintiff's deposition likely would prejudice Defendant, the Court is recommending that Defendant be allowed to continue Plaintiff's deposition.  Thus, this factor only weighs slightly in favor of dismissal.

Because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

As to the availability of lesser sanctions, it is not clear that there is a satisfactory lesser sanction.  Plaintiff is proceeding *in forma pauperis* (ECF No. 5), it is not clear that Plaintiff can afford to pay any monetary sanction.  If no other sanctions are available, it is well within the Court's discretion to recommend dismissal of the case.

However, it is possible that Plaintiff can pay some monetary sanctions.  It appears that Plaintiff has been released from prison, and it is possible he has access to some funds to pay such a sanction (ECF No. 61).

Defendant asks for $884.81 as a monetary sanction.  This includes costs $224.81 as well as fees for attorney time in traveling to and from the deposition and bringing this motion.

While the District Judge would be within its discretion to sanction Plaintiff in that

amount, the Court recommends a monetary sanction in the amount of costs, which amounts to $224.81.  The Court notes that Plaintiff sent defense counsel a letter in advance of the deposition raising these objections, and it could have been possible to seek court assistance before the deposition.  (See ECF No. 53).  Additionally, the Court finds that this lesser amount is a reasonable sanction in light of Plaintiff's financial status.

Accordingly, the Court will recommend that Plaintiff be required to pay Defendant's costs associated with the deposition, which totaled $224.81 (ECF No. 56-1, p. 5), and that Plaintiff be ordered to participate in a continued deposition.

The Court will further recommend that Defendant be allowed to renew this motion for terminating sanctions if Plaintiff fails to pay this sanction, fails to participate in a deposition, or fails to follow a Court order in the future.

As to Plaintiff's motion for a declaratory judgment, given the above and that Plaintiff has not presented any evidence that defense counsel's conduct was inappropriate, the Court will recommend that Plaintiff's motion for a declaratory judgment be denied.

## IV.   RECOMMENDATIONS

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Defendant's Motion for Terminating Sanctions or, in the Alternative, to Compel (ECF No. 56) be GRANTED IN PART AND DENIED IN PART;

2.  Plaintiff be directed to pay Defendant's costs in the amount of $224.81 within thirty days of the order on these findings and recommendations;

3.  Defendant be allowed to continue Plaintiff's deposition at another date, if he chooses to do so;[3]

4.  Defendant be allowed to renew this motion if Plaintiff fails to pay the  monetary sanction, fails to participate in this case, or fails to obey any court orders; and

5.  Plaintiff's motion for a declaratory judgment (ECF No. 57) be DENIED.

---

[3] If necessary, after the assigned district judge rules on these findings and recommendations, Defendant may request a modification to the scheduling order.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2020**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE