UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DIAZ,<br><br>　　　　Defendant. | Case No. 1:18-cv-01146-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(ECF No. 71)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Michael Price ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 20, 2020, Defendant filed a renewed motion for terminating sanctions. (ECF No. 71). Plaintiff did not respond to the motion.

As Plaintiff has failed to comply with a court order and repeatedly failed to prosecute this case, the Court will recommend that this case be dismissed, with prejudice, because of Plaintiff's failure comply with a court order and to prosecute this case.

**I. BACKGROUND**

On November 22, 2019, Defendant filed motion for terminating sanctions or, in the alternative, to compel and award monetary sanctions of $884.81, based on Plaintiff's refusal to participate in a properly noticed deposition. (ECF No. 56). Plaintiff did not respond to the motion, but did file a motion for declaratory judgment (ECF No. 57).

On July 7, 2020, District Judge Dale A. Drozd adopted the undersigned's recommendations on the motions in full. (ECF No. 68). Judge Drozd ordered that:

> 2. Defendant's motion for terminating sanctions or, in the alternative, to compel (Doc. No. 56) is granted in part;
>
>> a. Plaintiff is directed to pay to defendant costs associated with the failed deposition in the amount of $224.81 within thirty days of service of this order;
>>
>> b. Notwithstanding the non-expert discovery cutoff established by the scheduling order in this case, defendant has sixty days from the date of service of this order to take and complete plaintiff's deposition;
>
> 3. Defendant may renew his motion for terminating sanctions if plaintiff either fails to pay the ordered monetary sanction, fails to participate in this case, or fails to obey any court orders including this order authorizing the takin[g] and completion of his deposition; and
>
> 4. Plaintiff's motion for a declaratory judgment (Doc. No. 57) is denied.

(ECF No. 68, pgs. 2-3).

The copy of both the undersigned's findings and recommendations and the order adopting that were served on Plaintiff were returned as undeliverable.[1] Under Local Rule 183(b), "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." The sixty-three-day deadline has passed, and Plaintiff has not notified the Court of his current address.

On August 20, 2020, Defendant renewed his motion for terminating sanctions. (ECF

\\\

---

[1] On June 2, 2020, the copy of the findings and recommendations that was sent to Plaintiff was returned as undeliverable. A forwarding address was provided, and the Court sent a copy of the findings and recommendations and a copy of the order adopting to the forwarding address. However, both were returned as undeliverable.

No. 71).² According to Defendant, Plaintiff "has not paid the Court ordered sanctions in the amount of $224.81, [] has not communicated with defense counsel, and [] has generally failed to prosecute this case." (Id. at 1). Defendant asks the Court to dismiss this case, but does not specify whether the dismissal should be with or without prejudice. Plaintiff did not respond to the motion.

## II. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff has repeatedly failed to prosecute this action and failed to comply with the Court's July 7, 2020 order. These failures are delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to participate in a deposition and to prosecute this

---

² Defendant served a copy of this motion to the address provided by Plaintiff on December 27, 2019 (ECF No. 61) and the forwarding address that was provided on June 2, 2020. (ECF No. 73-3, p. 1).

case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  The Court already tried a monetary sanction instead of dismissal (ECF No. 68), but Plaintiff failed to pay the sanction.

The Court has also carefully considered whether to recommend dismissal with or without prejudice.  Defendant does not specifically ask for either in his motion.  Under Local Rule 183(b), a dismissal for failure to provide a current address is without prejudice.  However, on this record the Court finds that dismissal with prejudice is appropriate.  This case was filed in August of 2018, and is not in its early stages.  Defendant filed an answer (ECF No. 21), the Court held a scheduling conference (ECF No. 33), Defendant properly attempted to take Plaintiff's deposition but Plaintiff failed to participate (ECF No. 66; ECF No. 68), and discovery had been open for approximately seven months before Plaintiff stopped prosecuting this case.[3]  Additionally, allowing Plaintiff to re-file this case without paying sanctions would not be fair and would not further the ends of justice.

Given Plaintiff's failure to comply with the court order sanctioning him, his repeated failure to prosecute this case, and the later stage of this case, the Court recommends finding that the sanction of dismissal with prejudice is appropriate.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

**III. RECOMMENDATIONS**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, with prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

---

[3] The last filing Plaintiff made in this case is dated December 16, 2019 (ECF No. 61).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 29, 2020**                /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE